## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEROME A. CHRISTMON,

      Plaintiff,

      v.                           Case No. 16-2341-CM-GLR

B&B AIRPARTS, INC.,

      Defendant.

## MEMORANDUM AND ORDER

      Plaintiff, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964 against his former employer, Defendant B&B Airparts, Inc.  Plaintiff asserts a Title VII discrimination claim, alleging that Defendant did not honor his request to change his standard day off from Sunday to Saturday of each week.  Plaintiff alleges that in denying his request, Defendant disregarded his religious faith and imposed hardships on Plaintiff and his family.  Plaintiff also brings a Title VII retaliation claim, alleging that after denying Plaintiff's request, Defendant eliminated the amount of Plaintiff's eligible overtime.  This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 19).  The motion is fully briefed and the Court is prepared to rule.  For the reasons stated more fully below, the Court denies Plaintiff's motion.

      Unlike in a criminal case, there is no constitutional right to appointment of counsel for any party in a civil case.[1]  Rather, the appointment of counsel is within the sound discretion of the district court.[2]  The Tenth Circuit has instructed courts to consider the following four factors to determine whether to appoint counsel in a Title VII action: (1) the financial inability to pay for

---

[1]*Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2]*Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

counsel; (2) diligence in attempting to secure counsel; (3) meritorious allegations of discrimination; and (4) the plaintiff's capacity to present the case without counsel.[3]  Courts should consider the fourth factor—the plaintiff's capacity to present the case without counsel— only in "close cases as an aid in exercising discretion."[4]  Because Congress has expressed "special . . . concern with legal representation in Title VII actions," courts must give "serious consideration" to a plaintiff's request for appointed counsel in a title VII action.[5]  "At the same time, the court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel."[6]  Accordingly, courts must be prudent in appointing volunteer counsel only to deserving claims, so that this "precious resource" is not wasted.[7]

As to the first factor, the Court is convinced that Plaintiff does not have the ability to pay for counsel, based on a review of Plaintiff's Affidavit of Financial Status.[8]  Although Plaintiff has not applied for *in forma pauperis* status and appears to have some assets, a "litigant need not be destitute to qualify for appointed counsel."[9]  Here, the Financial Affidavit demonstrates that Plaintiff likely would have difficulty meeting his daily expenses if he hired counsel.[10]  Thus, the first factor weighs in favor of appointment of counsel.[11]

---

[3]*Castner v. Colo. Sprgs. Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992).

[4]*Id.* at 1421.

[5]*Id.* (citing citing *Jenkins v. Chem. Bank*, 721 F.2d 876 (2d Cir. 1983)).

[6]*Id.*

[7]*Id.* (citation omitted).

[8]Doc. 20.

[9]*Castner*, 979 F.2d at 1421–22 (citing *Jenkins*, 721 F.2d 876).

[10]*Id.* (citing *Poindexter v. F.B.I.*, 737 F.2d 1173 (D.C. Cir. 1983)) ("the court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses").

[11]This factor, however, is offset by the ability of plaintiffs to hire counsel on a contingent-fee basis in some cases.  *See Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509,  at *4 (D. Kan. Apr. 5, 2012) (denying plaintiff's motion to appoint counsel and noting that attorneys "often agree to represent a party for a fee contingent only upon the success of the claim"); *Azim v. Tortoise Capital Advisors, LLC*, No. 13-2267-DDC-JPO, 2016 WL 3405126, at *11 n.11 (D. Kan. June 21, 2016) ("The Court recognizes that some litigants

Turning to the second factor, the Court finds that Plaintiff has not made a strong showing of diligent efforts in attempting to secure counsel.  Before a court will appoint counsel in a civil case, a party must make diligent efforts to secure counsel.  This typically requires the party to meet with and discuss the case with at least five attorneys.[12]  Indeed, the form motion that Plaintiff used—which was provided by this Court—specified that "a plaintiff [must typically] confer with (not merely contact) at least five attorneys regarding legal representation."[13]  In his motion, Plaintiff listed five attorneys who he had inquired of to obtain representation.[14]  Plaintiff contacted the first three attorneys by telephone, email, and/or mail, and each attorney declined the case.[15]  Plaintiff contacted the fourth attorney by telephone, and this attorney declined the case because of scheduling restraints.[16]  Plaintiff contacted the fifth attorney by telephone and through an office visit.  This attorney declined the case based on a lack of knowledge in the employment field.[17]

Plaintiff appears to have merely contacted the first three attorneys regarding his case, rather than meeting and conferring with these attorneys.  As explained above, Plaintiff did not reach out to these attorneys in person, and he provided very few details as to why each attorney declined the case.  Although Plaintiff appears to have conferred in person with the fifth attorney, this lone conferral does not demonstrate that Plaintiff engaged in diligent efforts to retain

---

cannot afford legal representation.  However, because Title VII contains a fee-shifting provision, some attorneys agree to represent Title VII plaintiffs on a contingent-fee basis.")  Plaintiff does not indicate in his motion whether he has sought representation on a contingent-fee basis.

[12]*Jones v. Maritz Research Co.*, No. 14-2467-SAC-GLR, 2014 WL 6632929 (D. Kan. Nov. 21, 2014) (citing *Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009)).

[13]Doc. 19 at 2 (formatting in original).

[14]*Id.* at 2–3.

[15]*Id.* at 2.  Plaintiff did not elaborate on why each of these attorneys declined his case.

[16]*Id.* at 3.

[17]*Id.*

attorneys.  To the contrary, the response by the fifth attorney—that he could not take the case because of a lack of familiarity with employment law—demonstrates that Plaintiff probably could have retained counsel had he followed up with several employment law attorneys.  Thus, the Court finds that Plaintiff has not demonstrated that he made diligent efforts in obtaining counsel.

Turning to the third factor, the Court finds that Plaintiff has not made an affirmative showing that he asserts meritorious claims.[18]  Here, Plaintiff makes no attempt to demonstrate the merits of his claims in his motion for appointment.[19]  Thus, the Court is left to consider Plaintiff's Complaint.[20]  The Complaint's factual allegations in support of Plaintiff's Title VII claims, while not conclusory, are not robust.  Plaintiff provides few details to support his allegations that Defendant's decisions to deny his request for a change in his standard day off and to eliminate his eligible overtime were supported by discriminatory or retaliatory motives.  Further, the Court finds that the EEOC and Kansas Human Rights Commission's previous dismissals of Plaintiff's administrative claims weigh in favor of denying Defendant's motion to for appointment.[21]  For these reasons, the Court finds that Plaintiff has not made an affirmative showing that he asserts meritorious claims.[22]  To be sure, Plaintiff's claims do not appear to be clearly meritless, and perhaps Plaintiff may be able to show at a later stage that he asserts

---

[18]*Castner v. Colo. Sprgs. Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (explaining that before counsel may be appointed in a Title VII case, a plaintiff must make an "affirmative showing[] of . . . meritorious allegations of discrimination").

[19]*Jones*, 2014 WL 6632929, at *3.

[20]*Id.*

[21]*Castner*, 979 F.2d at 1422 (explaining that EEOC's administrative ruling is a "highly probative" factor to be considered in determining whether Plaintiff has presented meritorious claims).

[22]*Id.* at 1421.

meritorious claims.  At this juncture, however, and with such a limited record, the Court cannot find that Plaintiff has met his burden in showing that his asserted claims are meritorious.[23]

Although Plaintiff has demonstrated that he does not have the financial ability to hire counsel, he has not made affirmative showings that he made diligent efforts to obtain an attorney or that he asserts meritorious claims.  Therefore, the Court denies Plaintiff's motion to appoint counsel without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 19) is **denied** without prejudice.

**IT IS SO ORDERED.**

Dated: January 6, 2017


*s/ Gerald L. Rushfelt*
Gerald L. Rushfelt
United States Magistrate Judge

---

[23]*See Jones*, 2014 WL 6632929, at *3 ("because the movant has the burden to affirmatively show that asserted claims are meritorious, motions for appointment filed early in a case may not succeed.").