# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEROME A. CHRISTMON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 16-2341 |
| **B&B AIRPARTS, INC.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jerome A. Christmon, a former employee of defendant B&B Airparts, Inc., brings this action pro se—claiming that defendant violated Title VII of the Civil Rights Act of 1964 by failing to accommodate plaintiff's request to change his standard day off from Saturday of each week to Sunday. Plaintiff made the request because of his religious beliefs as a Hebrew Israelite. Defendant claims that it offered plaintiff a reasonable accommodation by allowing plaintiff to take off Saturdays without penalty, even when plaintiff did not complete Request for Time Off forms in accordance with policy. The case is before the court on defendant's motion for summary judgment (Doc. 32). For the following reasons, the court grants the motion.

### I. Factual Background

The facts below are taken largely from defendant's motion for summary judgment. Plaintiff filed a response to defendant's motion, but did not properly controvert the facts presented. Instead, he spent most of his response arguing that revisions to his deposition were ignored and that defendant did not include the court reporter's certification with the deposition transcripts that it filed in support of its summary judgment motion. Plaintiff cannot substantively alter his deposition testimony with an errata sheet. *See Burn v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003). And

-1-

defendant did not need to file the court reporter's certification. *See* D. Kan. R. 56.1(d); *Zhu v. Countrywide Realty, Co.*, 165 F. Supp. 2d 1181, 1194–95 (D. Kan. 2001). Neither of plaintiff's arguments provide a valid basis for disregarding the uncontroverted facts presented by defendant.

Plaintiff worked as a simple assembly worker in defendant's sheet metal assembly department from October 20, 2014 through February 11, 2016. Roseann Payne supervised plaintiff.

As a Hebrew Israelite, plaintiff observes Saturday as the Sabbath. During his interview with Payne (which was to hire plaintiff as a temporary employee), plaintiff told Payne, "I was serious about my faith and that I would be requesting days and stuff off for my faith." But plaintiff also told Payne that he was available for any shift. After the interview, plaintiff felt like defendant would accommodate his religious requests.

After plaintiff completed a temporary placement with defendant, Payne hired him as a full-time employee. Around the time of his hire, plaintiff signed an acknowledgement that he had received a copy of defendant's employee manual and that he was responsible for reading and complying with its policies. The manual emphasizes the importance of daily attendance, requiring employees to complete a Request for Time Off form if they need time off from work. The manual also states that the scheduling of employee hours is based on many factors, including customer contracts, project due dates, the assembly work of the specific employee, and employee efficiency. It further states that work demands can change based on a number of unpredictable factors. The employee manual addresses overtime, providing that employees who do not work mandatory scheduled shifts are subject to immediate discipline.

During the relevant time period, defendant's sheet metal assembly employees worked two shifts: (1) a Monday through Friday first shift that started between 5 a.m. and 6 a.m. and ran through 3:30 p.m.; and (2) a second shift from 3 p.m. to 1:30 a.m. Defendant expected its Monday through

Friday employees to work certain Saturdays. Defendant also had also a weekend shift for just a few employees. The weekend shift was 4 a.m. to 4:30 p.m., Friday through Sunday.

Early in 2015, defendant experienced a customer order surge, and therefore required employees to work mandatory overtime from January 1, 2015 through August 16, 2015. During this period, plaintiff and other small assembly workers had to work Monday through Friday, as well as Saturdays from 5:00 a.m. or 6:00 a.m. to 11:00 a.m. or 12:00 p.m., depending on customer needs, project due dates, and employee workload. Beginning on August 17, 2015, mandatory overtime went to an as-needed basis. From January 1, 2015, through August 17, 2015, plaintiff was scheduled and worked the following Saturdays: January 17, January 24, February 7, February 21, March 7, May 16, June 14, June 27, July 12, July 18, and July 26.

Defendant scheduled plaintiff to work on Saturday June 6, 2015, but plaintiff did not show up for his shift that day. Under defendant's policy, plaintiff received a written warning. At the time of this discipline, plaintiff had not requested the Sabbath off. Plaintiff claims that June 6, 2015 was not a mandatory overtime day and that other defendant employees did not work that Saturday. But sheet metal assembly workers Gilbert Santiago, Ben Kristek, Caleb Osborn, Laurie Yeager, and Bob Martin all were scheduled to work and did work on Saturday, June 6, 2015.

Plaintiff's claim arises from three meetings on July 24, 2015, August 3, 2015, and August 5, 2015. Plaintiff claims that on July 24, he met with Payne and "asked her if I could have my schedule changed to have Saturdays off and come in and work Sundays, make up my overtime, make up my time on Sunday." Payne told plaintiff to complete a Request for Time Off form if he needed time off for religious reasons. Payne also told plaintiff that she could cut his overtime hours.

All of plaintiff's Saturday hours were overtime hours. Plaintiff never filled out a Request for Time Off form for a single Saturday. Plaintiff did, however, complete six Request for Time Off forms

-3-

for religious reasons, and defendant approved all six requests. After requesting Saturdays off on July 24, 2015, plaintiff then worked the next scheduled Saturday shift on July 26, 2015.

Plaintiff never approached Payne or another supervisor again about Saturdays. Because plaintiff did not complete Request for Time Off forms, Payne occasionally scheduled plaintiff for Saturday shifts after July 24, 2015—specifically, August 29, October 3, October 17, October 31, and November 7. Plaintiff never asked Payne to reschedule those five days; instead, plaintiff was a no-call/no-show on each of those days.

Defendant did not discipline plaintiff for his no-call/no-shows after July 24, 2015. Instead, defendant allowed plaintiff to take unpaid leave during scheduled Saturdays after July 24, 2015. Plaintiff admits that defendant "basically just allowed me to not come in on my scheduled Saturdays." Plaintiff alleges that on August 3, 2015, Patrick Earl, sheet-metal supervisor, told first-shift sheet-metal assembly employees they were still on mandatory overtime and that working Sunday was not an option.

Defendant does not offer a first shift on Sundays. To provide a first shift on Sunday for its Monday through Friday employees would require defendant to undergo additional expenses including (1) operating an area of its building that normally would be closed and (2) paying a supervisor or lead to manage the first-shift Monday through Friday employees during the Sunday shift.

In January 2016, Payne approached plaintiff and asked him if he was available to work on the weekend. Payne then made a rare special accommodation and allowed plaintiff to work on Sunday. Defendant had never before allowed a first-shift Monday through Friday employee to work on Sunday.

Defendant terminated plaintiff's employment on February 11, 2016 for violating defendant's sexual harassment policy. Plaintiff, however, makes no claims in this lawsuit against defendant based on defendant's handling of the sexual harassment allegations or his termination from employment.

**II.     Legal Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). On the other hand, a plaintiff's pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants). Plaintiff's response includes no admissible evidence or support for his allegations, and the court therefore evaluates the merits of defendant's motion based solely on the evidence presented by defendant.

**III.    Discussion**

    A.  <u>Failure to Accommodate</u>

Plaintiff brings a religious discrimination claim for failure to accommodate. The pretrial order states plaintiff's claim as follows:

> The defendant B&B Airparts, Inc. violated the plaintiff's Civil Rights under Title VII of the Civil Rights Act of 1964 when it refused to acknowledge his religious request made on July 24th 2015 to change his standard off day from Sunday of each week to Saturday of each week.
> His religious request was not accommodated because his religious beliefs contradict[] the religious beliefs of his supervisors or because [he] is a Hebrew Israelite.

To survive summary judgment on a religious discrimination claim for failure to accommodate, plaintiff must show (1) a personal bona fide religious belief—one that conflicts with an employment

-5-

requirement; (2) he notified the employer of this belief; and (3) he was fired or disciplined because he failed to comply with the employment requirement. *Farah v. A-1 Careers*, No. 12-2692-SAC, 2013 WL6095118, at *4 (D. Kan. Nov. 20, 2013). The burden then shifts to defendant, who must show either (1) reasonable accommodation, or (2) undue hardship. *See Lee v. ABF Freight Sys., Inc.*, 22 F.3d 1019, 1022 (10th Cir. 1994). Undue hardship only becomes relevant if the employer claims it cannot offer a reasonable accommodation. *See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68–69 (1986). If defendant can show that it provided plaintiff with a reasonable accommodation, the inquiry ends. *Farah*, 2013 WL 6095118, at *7 (citing *Ansonia Bd. of Educ.*, 479 U.S. at 68–69).

There are multiple reasons why plaintiff's claim for failure to accommodate fails. The court need only address one here, though: defendant provided a reasonable accommodation; defendant allowed plaintiff to not work scheduled Saturdays. This fact disposes of plaintiff's claim in its entirety.

The following facts are uncontroverted:

- Defendant's attendance policy required its employees to work scheduled shifts.

- Defendant enforced its attendance policy. In fact, defendant disciplined plaintiff for failing to work a scheduled shift on Saturday, June 6, 2015 (a date that is not at issue in this case).

- Although defendant did schedule plaintiff to work Saturday shifts after plaintiff requested Saturdays off (July 24, 2015), defendant then allowed plaintiff to be off those scheduled Saturdays.

As a matter of law, defendant gave plaintiff a reasonable accommodation. Defendant was not required to allow plaintiff to switch a Saturday shift with a Sunday shift. The law does not mandate a <u>preferred</u> accommodation. *See Pinsker v. Joint Dist. No. 28J*, 735 F.2d 388, 390–91 (10th Cir. 1984) ("Title VII requires reasonable accommodation. It does not require employers to accommodate the

religious practices of an employee in exactly the way the employee would like to be accommodated.").
Offering unpaid leave, which is essentially what defendant did, is a reasonable accommodation, even
though plaintiff may have preferred to work on another day and be paid for it. *Id.* at 391("Defendant's
policy, although it may require teachers to take occasional unpaid leave, is not an unreasonable
accommodation of teachers' religious practices.") (citations omitted); *see also Ansonia Bd. of Educ.*,
479 U.S. at 70 ("We think that the school board policy in this case, requiring respondent to take unpaid
leave for holy day observance that exceeded the amount allowed by the collective-bargaining
agreement, would generally be a reasonable one."); *Williams v. Owens-Corning Fiberglass, Inc.*, No.
85-2410-S, 1986 WL 10703, at *3 (D. Kan. Apr. 29, 1986) ("Plaintiff was offered the option of taking
the Sunday day shift off or taking an extended leave of absence and rejected both of these options.
Defendant made reasonable efforts to accommodate plaintiff and was not required to completely
accede to his demands."). Allowing plaintiff to elect not to work when he was assigned to work
eliminated the conflict between defendant's employment practices and plaintiff's religious practices.
Because defendant offered plaintiff a reasonable accommodation, defendant is entitled to summary
judgment on this claim.

### B. Other Potential Discrimination Claims

The claim addressed above is the only claim clearly identified in the pretrial order. The pretrial
order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). After the
pretrial order is entered, a party may not pursue a claim that is not identified in the pretrial order. *See
Smith v. Potter*, No. 05-2149-JWL, 2006 WL 3050814, at *3 n.1 (D. Kan. Oct. 25, 2006) (explaining
that "to the extent plaintiff alleged discrete claims of discrimination or retaliation in his complaint, in
his amended complaint or in his summary judgment papers other than those appearing in the pretrial
order, those claims are waived"); *see also Winn v. K.C. Rehab. Hosp., Inc.*, No. 13-2423-DDC, 2015

WL 6804045, at *23 (D. Kan. Nov. 5, 2015) (same); *Gardenhire v. Manville*, No. 15-4914-DDC, 2017 WL 445506, at *5 n.1 (D. Kan. Feb. 2, 2017) (same).

In the pretrial order, plaintiff only alleges that defendant violated Title VII by failing to "acknowledge his religious request made on July 24th 2015 to change his standard off day from Sunday of each week to Saturday of each week. His religious request was not accommodated because his religious beliefs contradict[] the religious beliefs of his supervisors or because [he] is a Hebrew Israelite." Plaintiff does not allege that defendant retaliated against him for requesting a religious accommodation or discriminated against him because of his religion. The court therefore declines to address these claims, to the extent that plaintiff attempts to assert them.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc 32) is granted.

The case is closed.

Dated this 31st day of August, 2017, at Kansas City, Kansas.

                                        <u>s/ Carlos Murguia</u>
                                        **CARLOS MURGUIA**
                                        **United States District Judge**